# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO

---------------------------------------------------------------x
:
In re : Case No. 09-19087
:
KIEBLER SLIPPERY ROCK, LLC : Chapter 11
:
Debtor. : Judge Randolph Baxter
:
---------------------------------------------------------------x

## DEBTOR'S MOTION FOR INTERIM AND FINAL ORDERS AUTHORIZING DEBTOR TO USE CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

Kiebler Slippery Rock, LLC (the "Debtor"), as debtor and debtor in possession, hereby submits this motion, pursuant to sections 361 and 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 4001(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order authorizing the Debtor to use cash collateral and granting adequate protection (the "Motion"). In support of this Motion, the Debtor incorporates the statements contained in the Declaration of Paul E. Kiebler IV (the "Kiebler Declaration") filed herein and respectfully states the following.

### JURISDICTION

1. The Court has jurisdiction over the Motion under 28 U.S.C. §§ 157 and 1334. Venue is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2).

### BACKGROUND

2. On the date hereof (the "Petition Date"), the Debtor commenced the above-captioned case under the Bankruptcy Code. The Debtor operates a student housing facility in

Slippery Rock, Pennsylvania (the "Property"). The Debtor is authorized to continue to operate its business and manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

**SUMMARY STATEMENT PURSUANT TO BANKRUPTCY RULE 4001(b)(1)(B)**

3. Pursuant to Bankruptcy Rule 4001(b), the Debtor requests entry of an Interim Order (defined below) authorizing it to use cash collateral, in accordance with the terms of the Interim Order and Budget (defined below) for the period set forth in the Interim Order and Budget, attached to this Motion as Exhibits A and B, respectively. Lenders The Huntington National Bank and The Huntington Real Estate Investment Company Bank have interests in the Debtor's cash collateral. As adequate protection to the Lenders from the potential diminution in value of their interest in the Cash Collateral, the Debtor proposes that the Lenders be granted liens and replacement liens on all of the Debtor's property acquired or created after the Petition Date, excluding any causes of action arising under chapter 5 of the Bankruptcy Code, and an administrative claim as provided by section 507(b) of the Bankruptcy Code.

**THE PREPETITION SECURED OBLIGATIONS**

4. Pursuant to that certain Open-End Mortgage, Security Agreement, Assignment of Leases and Rents and Fixture Filing dated as of October 10, 2006, by and among the Debtor, Erie Bookstore Partnership, L.P. and Orchard Lake Bookstore L.P. (collectively the "Mortgagors") and The Huntington National Bank ("Huntington") as agent (as amended, restated or otherwise modified, the "Senior Mortgage and Credit Agreement"), the Mortgagors obtained financing under two notes with an approximate principal balance of $26,000,000 (the "Senior Loan").

5. Pursuant to that certain Open-End Mortgage, Security Agreement, Assignment of Leases and Rents and Fixture Filing dated as of October 18, 2006, by and among the Mortgagors

and The Huntington Real Estate Investment Company Bank ("Huntington Real Estate") (as amended, restated or otherwise modified, the "Mezzanine Mortgage and Credit Agreement"), the Mortgagors obtained financing under a note with an approximate principal balance of $2,000,000 (the "Mezzanine Loan").

6. The Senior Loan and Mezzanine Loan are secured by liens on substantially all of the Debtor's real property, personal property and other assets, including but not limited to (i) certain real property and all improvements thereon (the Property) located in Butler County, Pennsylvania, (ii) all fixtures and personal property owned by Mortgagors and used in connection with the real property, (iii) all easements, right of ways, gores of real estate, streets and similar items relating or appertaining to the real estate, (iv) all rents, revenues, issues, profits, proceeds, income, royalties, accounts, accounts receivable, escrows, security deposits, impounds, reserves, tax refunds and other rights to monies from the real property and the business conducted thereon, (v) all leases on the real property, (vi) all general intangibles related to the real property, including but not limited to all choses in action and causes of action relating to the real property, and (vii) all proceeds of the forgoing.

7. As of the Petition Date, the Debtor, jointly and severally with the other Mortgagors, is obligated to Huntington with respect to the Senior Loan in the approximate principal amount of $26.4 million, including accrued interest, fees and costs.

8. As of the Petition Date, the Debtor, jointly and severally with the other Mortgagors, is obligated to Huntington Real Estate with respect to the Mezzanine Loan in the approximate principal amount of $2 million, including accrued interest, fees and costs.

- 3 -

09-19087-rb    Doc 8    FILED 09/25/09    ENTERED 09/25/09 19:06:20    Page 3 of 10

# RELIEF REQUESTED

9. By this Motion, pursuant to sections 361 and 363 of the Bankruptcy Code and Bankruptcy Rule 4001(b), the Debtor requests (i) entry of an interim order, authorizing the use of the Cash Collateral in the ordinary course of business and granting adequate protection to Lenders (the "Interim Order"), (ii) the scheduling of a final hearing pursuant to Bankruptcy Rule 4001(b) (the "Final Hearing") to consider the relief requested herein, and (iii) entry of a final order (the "Final Order") authorizing the relief requested herein.

## A. Use of Cash Collateral

10. The Debtor seeks authority to use cash collateral (the "Cash Collateral"), as that term is defined in section 363 of the Bankruptcy Code, in accordance with the terms of (a) the proposed cash collateral budget attached hereto as Exhibit A (the "Budget"), and (b) the proposed stipulated interim order authorizing use of Cash Collateral attached hereto as Exhibit B (the "Interim Order").

11. The Interim Order authorizes the Debtor to use the Cash Collateral, in accordance with the terms of the Budget, subject to additional extensions, with the consent of Huntington and Huntington Real Estate (collectively, the "Lenders"), until such time as this Court conducts any additional interim hearings, if necessary, and a final hearing.

12. Bankruptcy Code section 363(c) authorizes a debtor to use cash collateral with the consent of the entity with an interest in such cash collateral, or with court approval. 11 U.S.C. § 363(c)(2). The Lenders have consented to the Debtor's proposed use of Cash Collateral as provided for in the Budget and Interim Order, and the Debtor requests that the Court approve the Interim Order.

13. It is imperative that the Debtor obtains usage of the Cash Collateral, which is encumbered by the liens granted pursuant to the Senior Mortgage and Credit Agreement and the Mezzanine Mortgage and Credit Agreement. The Debtor needs this authority to continue its business operations and to fund the costs associated with the administration of this case. Without the immediate access to Cash Collateral proposed by this Motion and the Budget, the Debtor will be forced to immediately cease business operations. This cessation of operations would likely destroy the going-concern value of the Debtor's business and result in it being impossible for unsecured creditors to experience any meaningful recovery in this case. By contrast, if the usage of Cash Collateral requested by this Motion is authorized and approved, the Debtor will be able to continue its business operations with minimal disruption so as to maximize the value of the assets of its estate for the benefit of all of its creditors

14. The Debtor does not have available sources of working capital and financing to carry on the operation of the business without the use of the Cash Collateral. The Debtor's ability to maintain business relationships with vendors, suppliers and customers and to meet operating expenses is essential to the Debtor's continued viability and the value of its business as a going concern. In the absence of the use of the Cash Collateral, the continued operation of the Debtor's business would be impossible, and serious and irreparable harm to the Debtor and its estate would occur. The use of the Cash Collateral is therefore of the utmost significance and importance to the preservation and maintenance of the going concern value of the Debtor, and it will enhance the prospects for a successful reorganization of the Debtor under chapter 11 of the Bankruptcy Code.

### B. Adequate Protection for Lenders

15. In order to provide adequate protection to the Lenders from the potential diminution in value of their interest in the Cash Collateral during the period it is used by the Debtor, the Debtor proposes that the Lenders be granted adequate protection in the form of liens and replacement liens on all of the Debtor's property acquired or created after the Petition Date, excluding any causes of action arising under chapter 5 of the Bankruptcy Code, and an administrative claim as provided by section 507(b) of the Bankruptcy Code.

16. Interim approval of the relief requested by this Motion is warranted. While Bankruptcy Rule 4001(b) provides that a final hearing on a motion to use cash collateral pursuant to section 363 may not be commenced earlier than 15 days after the service of such motion, upon request the Court is empowered to conduct a preliminary, expedited hearing on the Motion and authorize the use of Cash Collateral to the extent necessary to avoid immediate and irreparable harm to the Debtor's estate.

### CONCLUSION

17. An immediate need exists for the Debtor's use of Cash Collateral. Without immediate and ongoing access to the Cash Collateral, the Debtor will be unable to pay critical postpetition obligations or costs associated with continued business operations, which would, in turn, lead to a diminution in the value of its assets. Consequently, the Debtor's immediate ability to use Cash Collateral is necessary to preserve value for all creditors.

18. Accordingly, pursuant to Bankruptcy Rule 4001(b), the Debtor requests that the Court conduct an expedited preliminary hearing on the Motion and authorize the Debtor from and after the entry of an Interim Order until the Final Hearing to utilize the Cash Collateral as provided in the Interim Order. This will enable the Debtor to maintain ongoing operations and

avoid immediate and irreparable harm and prejudice to its estate and all parties in interest, pending the Final Hearing.

### WAIVER OF MEMORANDUM OF LAW

19. The Debtor submits that this Motion does not present any novel issues of law requiring further briefing; moreover, appropriate authorities have already been cited herein. Therefore, the Debtor respectfully requests that the Court waive the requirement pursuant to Rule 9013-1(a) of the Local Rules for the United States Bankruptcy Court for the Northern District of Ohio that a separate memorandum be filed in support of the Motion.

### NOTICE

20. No trustee, examiner or creditors' committee has been appointed in this chapter 11 case. Notice of this Motion has been given by overnight mail, hand delivery, e-mail and/or facsimile to the following parties or, in lieu thereof, their counsel, if known: (a) the Office of the United States Trustee, (b) counsel for the Lenders, and (c) the Debtor's twenty largest unsecured creditors. In light of the nature of the relief requested, the Debtor respectfully submits that no further notice need be given.

### NO PRIOR REQUEST

21. No prior request for the relief sought in this Motion has been made to this or any other court.

**WHEREFORE**, the Debtor respectfully requests that the Court (i) enter an order, substantially in the form of the Interim Order, granting the relief requested herein; (ii) schedule a Final Hearing pursuant to Bankruptcy Rule 4001(b) to consider the relief requested herein; (iii)

- 7 -

09-19087-rb    Doc 8    FILED 09/25/09    ENTERED 09/25/09 19:06:20    Page 7 of 10

enter a Final Order granting the relief requested herein; and (iv) grant such other and further relief to the Debtor as the Court deems just and proper.

Date:  September 25, 2009
       Cleveland, Ohio

Respectfully Submitted,

*/s/ Robert C. Folland*
Robert C. Folland (0065728)
Andrew L. Turscak, Jr. (0073851)
Mark A. Weintraub (0078789)
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, Ohio 44114
(216) 566-5500 (phone)
(216) 566-5800 (fax)
Robert.Folland@thompsonhine.com
Andrew.Turscak@Thompsonhine.com
Mark.Weintraub@thompsonhine.com

*Proposed Counsel for Debtor and Debtor in Possession*

11483485.2

<u>Exhibit A:</u>

TO BE SUBMITTED

<u>Exhibit B</u>

TO BE SUBMITTED